UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DYRELL W. JONES,

        Plaintiff,

    v.

COUNTY OF CONTRA COSTA; *et al.*,

        Defendants.
_____/

No. C-13-2722 EMC (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

Dyrell W. Jones, an inmate at the Martinez Detention Facility, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

The complaint alleges the following about events and omissions that occurred at the Martinez Detention Facility, where Mr. Jones is a pretrial detainee:

On May 3, 2013, Mr. Jones was subjected to force when he did not lock-down as ordered by jail staff. Mr. Jones wanted to talk to someone about his problem of having to choose between religious services and other activities during the few hours he was allowed out of his cell each week. After Deputy Swift was uninterested in his problem, Mr. Jones asked to speak to a sergeant. Deputy Swift retrieved Sergeant Challand, who appeared about ten minutes later with a large gun and several deputies. He told the inmates it was their last chance to lock-down. When Mr. Jones instead asked if he could talk to Sergeant Challand, the sergeant immediately and without further warning "shot the gun at the detainees. Plaintiff was hit in the leg, yelled out in pain and fell to his knees."

Docket # 1 at 6. Deputy Swift immediately tased him, and he collapsed to the ground. Deputy DeMichael, Deputy Morrison and Deputy Lopez then "began beating plaintiff, hitting him in his head, back, ribs and legs." *Id.*[1] He was tased again by Deputy Swift. Mr. Jones then was taken to a room "in terrible pain." *Id.* Nurse Richard later took out the taser darts. Mr. Jones informed the nurse and deputies of his terrible pain, but he was not evaluated by a doctor. He was returned to his cell with dizziness and shortness of breath.

In the ensuing days, Mr. Jones allegedly was unable to obtain medical care for his injuries. He made unsuccessful verbal and written requests to the nurse distributing pills on May 4, 5, 6, and 7, 2013. On May 8 and 16, he submitted medical request slips for processing to Deputy Lindsey, but was not seen by medical staff. On May 16, he submitted a medical request to the "medical supervisor," Dr. McBride, who responded that Mr. Jones should use "commissary motrin." Docket # 1 at 7. Mr. Jones submitted another request on May 18 for processing to Deputy Clawsen. On May 19, a triage nurse responded that Mr. Jones had an appointment with a doctor set in June and could discuss his issues then. As of May 31, 2013 – the date the complaint is signed – Mr. Jones had not been seen by a doctor.

Mr. Jones was subjected to a disciplinary hearing on or about May 6, 2013. None of his witnesses were called to speak at the hearing, and the hearing was held before he received a complete incident report. He was placed on ten days of lock-down and three weeks' loss of privileges. The loss-of-privileges status was lifted on May 14, 2013.

Mr. Jones contends that he has been forced "to choose between religious services and 'free time.' Most detainees are not ever forced to make this choice." Docket # 1 at 9.

### III. DISCUSSION

A.    Review of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

---

[1] Mr. Jones also alleges that another inmate was beaten. As a *pro se* litigant, Mr. Jones has no standing to assert claims on behalf of another inmate.

§ 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1. Use of Force

The Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from the use of force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)). Liberally construed, the complaint states a cognizable § 1983 claim against Sergeant Challand, Deputy Swift, Deputy DeMichael, Deputy Morrison, and Deputy Lopez for the use of excessive force in violation of plaintiff's Fourteenth Amendment rights.

Mr. Jones alleges that the force was used in a conspiracy. His conclusory allegations of a conspiracy, unsupported by any material facts, are insufficient to state a claim. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989). "'A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage.'" *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999) (citation omitted). A conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983, but may "enlarge the pool of responsible defendants by demonstrating their causal connections to the violation." *Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc). In his amended complaint, Mr. Jones may attempt to plead conspiracy-based liability but must provide non-conclusory allegations sufficient to state a plausible claim based on conspiracy-based liability. He should explain the role of each defendant in the conspiracy and allege with

particularity who made an agreement with whom, when the agreement was made, what the agreement was, and what the purpose of the agreement was.

For the reasons explained in Section A.5, below, the complaint fails to state a claim against Sheriff Livingston or Contra Costa County with regard to the alleged excessive force. Leave to amend is granted so that Mr. Jones may attempt to plead a claim against one or both of these defendants.

### 2. Medical Needs

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the deliberate indifference standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* at 837. Mr. Jones' claims arise under the Due Process Clause of the Fourteenth Amendment rather than under the Cruel and Unusual Punishment Clause of the Eighth Amendment because he allegedly was a pretrial detainee at the relevant time; however, the deliberate indifference standard still applies to his medical care claim. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (standard of deliberate indifference applicable to pretrial detainees' medical claims). Liberally construed, the complaint states a cognizable § 1983 claim against nurse Richard, Deputy Lindsey, Deputy Clawsen, Dr. McBridge and the "unknown triage nurse"[2] for deliberate indifference to Mr. Jones' medical needs in violation of his Fourteenth Amendment rights. Although deputies Lindsey and Clawsen may not have been in a position to *provide* medical care, they may be liable based on having been in a position to *summon* medical care and failing to do so. *See generally Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006)

---

[2] Mr. Jones is cautioned that the defendant he refers to as "the unknown triage nurse," Docket # 1 at 12, cannot be served with process until he provides that person's true name. It is a plaintiff's responsibility, not the Court's, to investigate the true name of each of the defendants he wishes to pursue.

(triable issue as to whether warden received the prisoner's letter requesting medical care precluded summary judgment).

For the reasons explained in Section A.5, below, the complaint fails to state a claim against Sheriff Livingston or Contra Costa County concerning the allegedly unmet medical needs. Leave to amend is granted so that he may attempt to plead a claim against one or both of these defendants.

### 3. Disciplinary Hearing

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Disciplinary segregation as punishment for violation of jail rules and regulations, for example, cannot be imposed without due process, i.e., without complying with the procedural requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Mitchell v. Dupnik*, 75 F.3d 517, 523-26 (9th Cir. 1996). The procedural protections required by *Wolff* in a disciplinary proceeding include written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *Wolff*, 418 U.S. at 564-67. There also must be some evidence to support the disciplinary decision, *see Superintendent v. Hill*, 472 U.S. 445, 454 (1985), and the information that forms the basis for the disciplinary action must have some indicia of reliability. *See Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987).

The claim regarding the disciplinary proceedings must be amended because Mr. Jones has failed to link any defendant to this claim. Leave to amend will be granted so that plaintiff may attempt to link one or more defendants to this claim. If he names multiple persons, he may not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988).

For the reasons explained in Section A.5, below, the complaint fails to state a claim against Sheriff Livingston or Contra Costa County concerning the disciplinary proceedings. Leave to amend is granted so that he may attempt to plead a claim against one or both of these defendants.

### 4. Choice Between Religious Services and Free Time

Mr. Jones urges that, because he was only allowed out of his cell about one hour every 48 hours, he impermissibly was required to choose between attending religious services and engaging in other activities, such as exercise. "'[A]n inmate cannot be forced to sacrifice one constitutionally protected right solely because another is respected.'" *Hebbe v. Pliler*, 627 F.3d 338, 343 (9th Cir. 2010) (quoting *Allen v. City and County of Honolulu*, 39 F.3d 936, 940 (9th Cir. 1994)). This is not to say that an inmate's rights are violated any time he must choose to spend his limited out-of-cell time attending religious services; rather, the problem arises when both activities to which he is constitutionally entitled and wants to do – such as exercise and attend a religious service – cannot be accomplished in the finite amount of out-of-cell time he receives. For example, if the law required that an inmate must receive at least ten hours of outdoor exercise per week, (a) there would be a claim if he was only allowed ten hours of out-of-cell time during which he could exercise and attend religious services, and (b) there would *not* be a claim if he was allowed twenty hours of out-of-cell time during which he could exercise, attend religious service and do other things.

Although a claim may be stated for forcing an inmate to choose one constitutional right over another, Mr. Jones' pleading is deficient because it fails to link any defendant to this claim. In his amended complaint, Mr. Jones must identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer*, 844 F.2d at 634.

### 5. Claims Against Sheriff And Municipality

Mr. Jones alleges that Sheriff David Livingston "the overseer of Martinez Detention Facility," and is liable as "the person responsible for implementing policies and procedures, for failure to train and allowing unconstitutional customs practices and unofficial policies by sheriff officials which infringe on inmate rights." Docket # 1 at 11. Mr. Jones further alleges that Contra Costa County is the municipality "responsible for overseeing the sheriff's department," and is liable due to its "failure to train in relation to use of force, taser use, medical attention and rights of inmates. For allowing custom practices and official policies contrary to constitutional and statutory rights." *Id.*

6

The allegations in the complaint are insufficient to state a claim against Sheriff Livingston. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated plaintiff's rights. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). If Mr. Jones wants to assert claims against Sheriff Livingston based on his role as a supervisor, he must make additional allegations showing a basis for such liability. A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

The allegations are insufficient to state a claim against Contra Costa County. If Mr. Jones wants to assert a claim against the municipality, he may do so, but must make additional allegations showing the basis for municipal liability. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell,* 436 U.S. at 690. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that plaintiff is entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conduct conformed to a policy, custom or practice. *See id.* at 636-68. In "limited circumstances," a municipal policy may be based upon the local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights. *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). In order to be a policy, the local government's failure to supervise, monitor or train must amount to deliberate indifference to the rights of the people with whom the local government's

1 employees come into contact. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Long v. County
2 of Los Angeles*, 442 F.3d 1178, 1188-89 (9th Cir. 2006). Only where a failure to supervise and train
3 reflects a "'deliberate' or 'conscious' choice'" by a local government can the "shortcoming be
4 properly thought of as a city 'policy or custom' that is actionable under § 1983." *Harris*, 489 U.S. at
5 389. "A pattern of similar constitutional violations by untrained employees is 'ordinarily
6 necessary'" to establish that the failure to train or supervise is a deliberate policy. *Connick*, 131 S.
7 Ct. at 1360. Mr. Jones' bare-bones allegation that there was a failure to train is insufficient to plead
8 municipal liability based on a failure to train. Leave to amend will be granted so that Mr. Jones may
9 attempt to plead sufficient facts regarding the specific nature of the alleged policy, custom or
10 practice.

11 B.     Request For Appointment Of Counsel

12      Mr. Jones has requested that the Court appoint counsel to represent him in this action. A
13 district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an
14 indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331
15 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the
16 ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues
17 involved. *See id.* Neither of these factors is dispositive, and both must be viewed together before
18 deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the
19 appointment of counsel are not evident at this time. The request for appointment of counsel is
20 DENIED. (Docket # 9.)

21                            **IV.   CONCLUSION**

22      Several of the claims in the complaint fail to state a claim upon which relief may be granted
23 against the named defendants. Leave to amend will be granted so that plaintiff may attempt to state
24 a claim. The amended complaint must be filed no later than **March 28, 2014**, and must include the
25 caption and civil case number used in this order and the words AMENDED COMPLAINT on the
26 first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his
27 claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims
28 dismissed with prejudice and without leave to amend, we will not require that they be repled in a

subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the case going forward with only the cognizable claims the court has identified in this order.

IT IS SO ORDERED.

Dated: February 24, 2014

_____
EDWARD M. CHEN
United States District Judge