UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYRELL W. JONES, | No. C-13-2722 EMC (pr) |
| Plaintiff, | |
| v. | **ORDER OF SERVICE** |
| COUNTY OF CONTRA COSTA; *et al.*, | |
| Defendants. | |

Dyrell W. Jones, an inmate at the Santa Rita Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983, complaining of conditions of confinement at the jail. Pursuant to 28 U.S.C. § 1915A, the Court reviewed the complaint and found that it stated cognizable claims under § 1983 (1) against Sergeant Challand, Deputy Swift, Deputy DeMichael, Deputy Morrison, and Deputy Lopez for the use of excessive force in violation of plaintiff's Fourteenth Amendment rights, and (2) against nurse Richard, Deputy Lindsey, Deputy Clawsen, Dr. McBride and the "unknown triage nurse" for deliberate indifference to Mr. Jones' medical needs in violation of his Fourteenth Amendment rights. (Docket # 15.) The Court also identified various deficiencies in other claims and against several other defendants in the complaint, and granted Mr. Jones leave to file an amended complaint no later than March 28, 2014, cautioning that if he failed to file the amended complaint by the deadline, the case would go forward with only the cognizable claims identified in that order. *Id.* Mr. Jones did not file an amended complaint, and the deadline by which to do so has long passed. Accordingly, the Court will dismiss all other defendants and claims from this action other than those listed above.

For the reasons stated above and in the order of dismissal with leave to amend,

1. The complaint states cognizable § 1983 claims against Contra Costa County Sheriff's Sergeant Challand, Deputy Swift, Deputy DeMichael, Deputy Morrison, and Deputy Lopez for the use of excessive force in violation of plaintiff's Fourteenth Amendment rights, and against nurse Richard, Deputy Lindsey, Deputy Clawsen, Dr. McBride and the "unknown triage nurse" for deliberate indifference to Mr. Jones' medical needs in violation of his Fourteenth Amendment rights. Plaintiff must provide a true name for the person he describes as the "unknown triage nurse" no later than **November 1, 2014**, or that person will be dismissed from this action. All other claims and defendants are dismissed from this action.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the second amended complaint and a copy of all the documents in the case file upon the following defendants, all of whom apparently work at the Contra Costa County Martinez Detention Facility:

- Sergeant K. Challand
- Deputy J. Swift
- Deputy K. DeMichael
- Deputy S. Morrison
- Deputy S. Lopez
- Deputy Lindsey
- Deputy Clawsen
- Nurse Richard
- Dr. McBride

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **November 7, 2014**, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. If Defendants file a motion for summary judgment, Defendants must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **December 5, 2014**. Plaintiff

must bear in mind the notice and warnings regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

        c.      If Defendants wish to file a reply brief, the reply brief must be filed and served no later than **December 19, 2014**.

    4.    Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

    5.    All communications by Plaintiff with the Court must be served on a defendant's counsel by mailing a true copy of the document to the defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated: September 3, 2014

_____
EDWARD M. CHEN
United States District Judge

4